# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| EDWARD L. BROWN, | ) |
| Plaintiff, | ) |
| | ) 15 C 522 |
| v. | ) |
| | ) Judge John Z. Lee |
| S.A. GODINZ, MICHAEL LEMKE, | ) |
| G. LUSCHINGER, and D. COLEMAN, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

*Pro se* Plaintiff Edward Brown, a prisoner at Stateville Correctional Center ("Stateville"), has brought this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants S.A. Godinez, Michael Lemke, Jon Luchsinger, and D. Coleman.[1] Plaintiff alleges that he has been subjected to a wide range of unconstitutional conditions of confinement at Stateville. Defendant Luchsinger has moved for summary judgment. For the reasons stated herein, Luchsinger's motion is granted.

## Local Rule 56.1

Motions for summary judgment in the Northern District of Illinois are governed by Local Rule 56.1. "The obligation set forth in Local Rule 56.1 'is not a mere formality.' Rather, '[i]t follows from the obligation imposed by Fed. R. Civ. P. 56(e) on the party opposing summary judgment to identify specific facts that establish a genuine issue for trial.'" *Delapaz v. Richardson*, 634 F.3d 895, 899 (7th Cir. 2011) (quoting *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 924 (7th Cir. 1994)). The Seventh Circuit has "routinely held that a district court may

---

[1] S.A. Godinez's and Jon Luchsinger's names are misspelled on the docket and in Plaintiff's complaint as "S.A. Godinz" and "G. Luschinger," respectively.

strictly enforce compliance with its local rules regarding summary judgment motions." *Yancick v. Hanna Steel Corp.*, 653 F.3d 532, 537 (7th Cir. 2011) (internal quotation marks omitted).

Local Rule 56.1(a)(3) requires the party moving for summary judgment to provide "a statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law." LR 56.1(a)(3). In addition, where the nonmovant is *pro se*, Local Rule 56.2 requires the movant to provide a "Notice to *Pro Se* Litigant Opposing Motion for Summary Judgment." LR 56.2. The nonmovant, whether *pro se* or not, must then file "a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon." LR 56.1(b)(3)(B). In addition, the nonmovant must present a separate "statement, consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment." LR 56.1(b)(3)(C).

"When a responding party's statement fails to dispute the facts set forth in the moving party's statement in the manner dictated by [Local Rule 56.1], those facts are deemed admitted for purposes of the [summary judgment] motion." *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 632 (7th Cir. 2009); *accord* LR 56.1(b)(3)(C). Furthermore, district courts, in their discretion, may "choose[ ] to ignore and not consider the additional facts that a litigant has proposed" if the litigant has failed to comply with Local Rule 56.1. *Cichon v. Exelon Generation Co., LLC*, 401 F.3d 803, 809–10 (7th Cir. 2005). Although *pro se* plaintiffs are generally entitled to lenient standards, they are required to comply with local procedural rules governing motions for summary judgment. *See, e.g.*, *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006).

Upon moving for summary judgment, Luchsinger filed and served a "Notice to *Pro Se* Litigant Opposing Motion for Summary Judgment" as required by Local Rule 56.2. *See* Notice

Pursuant to Local Rule 56.2, ECF No. 94. The notice detailed the requirements of the local rules governing summary judgment, and it warned Plaintiff that his failure to controvert the facts set forth in Luchsinger's Local Rule 56.1(a)(3) Statement would cause those facts to be deemed admitted. *See id.* Despite these admonitions, Plaintiff failed to either respond to Luchsinger's Local Rule 56.1(a)(3) Statement or submit his own statement of additional facts. Accordingly, the facts set forth in Luchsinger's Local Rule 56.1(a)(3) Statement are deemed admitted to the extent they are supported by evidence in the record. *See Cracco*, 559 F.3d at 632.

**Factual Background**

Plaintiff is an inmate who has been incarcerated at Stateville since October 2001. Def.'s LR 56.1(a)(3) Stmt. ¶¶ 1, 4. Defendant Jon Luchsinger worked as the Chief Engineer at Stateville from June 2003 to December 2010. *Id.* ¶ 5. Luchsinger ended his employment at Stateville on December 15, 2010. *Id.* ¶ 7.

In this lawsuit, Plaintiff asserts constitutional claims based on the conditions of his confinement at Stateville. *Id.* ¶ 19. In particular, he complains of contaminated water, poor sanitation and ventilation, a pest infestation, lead-based paint, excessive heat, lack of fire safety, and sleep deprivation. *Id.* ¶ 20. During his deposition, Plaintiff testified that his claims are based upon conditions from the time period from March 2011 to the present. *Id.* ¶ 21; Def.'s LR 56.1(a)(3) Stmt., Ex. A, Pl.'s Dep., at 11:6–10. In addition, he clarified that his only claim against Luchsinger is his claim regarding contaminated water. Pl.'s Dep. at 47:6–11, 85:1–86:2.

On March 20, 2011, Plaintiff filed his first grievance regarding the conditions of his confinement. Def.'s LR 56.1(a)(3) Stmt. ¶ 8; *see also* Pl.'s Dep. at 10:1–5. In this grievance, Plaintiff complained about contaminated water, inadequate cleaning supplies, poor ventilation, pests, toxic paint, cell-house lighting, and double-man cells. *Id.* ¶ 10. Plaintiff filed the

grievance as an emergency grievance with the prison warden. *Id.* ¶ 11. After the warden determined that the grievance was not an emergency, Plaintiff sent the grievance to the Administrative Review Board ("the Board"). *Id.* ¶ 12. On April 20, 2011, the Board returned the grievance to Plaintiff along with a request for additional information. *Id.* ¶ 13. Specifically, the Board requested copies of Plaintiff's "Committed Person's Grievance" and "Committed Person's Grievance Report." Def.'s LR 56.1(a)(3) Stmt., Ex. D, at 4. Plaintiff did not respond to this request. Def.'s LR 56.1(a)(3) Stmt. ¶ 15.

Over two years later, on April 21, 2013, and May 6, 2013, Plaintiff filed grievances regarding the same conditions described in his first grievance. *Id.*; *see also* Def.'s LR 56.1(a)(3) Stmt., Ex. B, at 28–34 (grievance of 4/21/13); *id.*, Ex. D, at 16 (grievance of 5/6/13). The Board denied these grievances on April 21, 2014. *See* Def.'s LR 56.1(a)(3) Stmt. ¶ 17. Apart from his 2011 grievance and his two 2013 grievances, Plaintiff has filed no other grievances regarding the conditions at Stateville. *Id.* ¶ 18; *see also* Pl.'s Dep. at 102:12–19.[2]

Plaintiff has never had any conversations or communications with Luchsinger. Def.'s LR 56.1(a)(3) Stmt. ¶ 22; *see also* Pl.'s Dep. at 85:19–86:2. During his deposition, he explained that he named Luchsinger as a defendant only because he obtained Luchsinger's name from a bulletin posted within Stateville. Pl.'s Dep. at 47:6–18, 85:1–10. The bulletin, which is dated December 3, 2003, provided notice that radium in Stateville's water had exceeded certain limits in violation of regulations set by the Illinois Pollution Control Board. Def.'s LR 56.1(a)(3) Stmt., Ex. B, at 77. The last sentence of the bulletin reads: "If you have any questions or comments in regards to this violation, please feel free to give Jon Luchsinger a call." *Id.*

---

[2] In his response brief, Plaintiff asserts that he also filed grievances in November 2009 and April 2010. *See* Pl.'s Resp. at 4, ECF No. 97. Plaintiff, however, has not provided any evidence to support these assertions, and the Court therefore disregards them. *See Malec v. Sanford*, 191 F.R.D. 581, 584 (N.D. Ill. 2000) (explaining that a party opposing summary judgment must support his factual assertions with evidentiary materials in the record).

## Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Shell v. Smith*, 789 F.3d 715, 717 (7th Cir. 2015). To survive summary judgment, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), and instead must "establish some genuine issue for trial such that a reasonable jury could return a verdict in her favor." *Gordon v. FedEx Freight, Inc.*, 674 F.3d 769, 772–73 (7th Cir. 2012). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Blythe Holdings, Inc. v. DeAngelis*, 750 F.3d 653, 656 (7th Cir. 2014) (internal quotation marks omitted).

In reviewing a motion for summary judgment, the court "must construe all facts and reasonable inferences in favor of the nonmoving party." *Dorsey*, 507 F.3d at 627. But "[i]nferences that are supported by only speculation or conjecture will not defeat a summary judgment motion." *Id.* (quoting *McDonald v. Vill. of Winnetka*, 371 F.3d 992, 1001 (7th Cir. 2004)) (internal quotation marks omitted). "[S]aying so doesn't make it so; summary judgment may only be defeated by pointing to admissible evidence in the summary judgment record that creates a genuine issue of material fact." *United States v. 5443 Suffield Terrace, Skokie, Ill.*, 607 F.3d 504, 510–11 (7th Cir. 2010).

## Analysis

In support of his motion for summary judgment, Luchsinger argues that Plaintiff's claims against him are barred by the statute of limitations. In the alternative, he argues that Plaintiff has failed to present evidence from which a reasonable jury could find that Luchsinger was

personally involved in, or deliberately indifferent to, the conditions of confinement at issue. For the reasons that follow, the Court finds that Luchsinger's arguments have merit and accordingly grants his motion for summary judgment.[3]

## I. Statute of Limitations

Because § 1983 does not contain an express statute of limitations, § 1983 claims brought in federal court are governed by the forum state's statute of limitations for personal injury claims. *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001) (citing *Wilson v. Garcia*, 471 U.S. 261, 276 (1985)). In Illinois, the statute of limitations for § 1983 deliberate indifference claims is two years. *Id.* (citing *Kalimara v. Ill. Dep't of Corr.*, 879 F.2d 276, 277 (7th Cir. 1989)); *see also Hoban v. Anderson*, -- F. App'x --, No. 16-1246, 2017 WL 1806539, at *3 (7th Cir. May 5, 2017) (applying two-year statute of limitations to § 1983 claim for deliberate indifference to conditions of confinement).

In general, the statute of limitations for a § 1983 claim brought in federal court accrues when "the plaintiff knew or should have known that his constitutional rights had been violated." *Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006) (citing *Hileman v. Maze*, 367 F.3d 694, 696 (7th Cir. 2004)). Ongoing violations of the plaintiff's constitutional rights may delay the accrual date of the plaintiff's claim under the continuing violation doctrine. *Heard v. Sheahan*, 253 F.3d 316, 319 (7th Cir. 2001). But a defendant's continuing violation of the plaintiff's rights can delay the start of the limitations period only "for as long as the defendant[ ] had the power to do something about [the plaintiff's] condition." *Id.* at 318. Thus, for a § 1983 claim alleging deliberate indifference to prison conditions, the limitations period begins to run when either the plaintiff or the defendant leaves the prison, because, at that time, the defendant loses "power to

---

[3] Because the Court finds that summary judgment is warranted on these bases, the Court need not reach Luchsinger's additional alternative argument that Plaintiff's claims against him are barred for failure to exhaust administrative remedies.

6

do something" about the plaintiff's conditions of incarceration. *See id.*; *Ollison v. Wexford Health Sources, Inc.*, No. 16 C 00662, 2016 WL 6962841, at *5–6 (N.D. Ill. Nov. 29, 2016) (holding that statute of limitations on plaintiff's deliberate indifference claim against prison warden began to run when prison warden left his employment at the correctional facility where plaintiff was incarcerated); *see also Blakenship v. Obaisi*, 443 F. App'x 205, 208 (7th Cir. 2011) (dismissing claims against defendant prison official as time-barred where plaintiff brought his claims more than two years after he left the correctional facility where defendant was employed); *Jones v. Feinerman*, No. 09 C 03916, 2011 WL 4501405, at *4 (N.D. Ill. Sept. 28, 2011) (same).

Here, the series of violations that Plaintiff alleges against Luchsinger terminated when Luchsinger no longer had the power to do something about the allegedly unconstitutional living conditions—that is, when Luchsinger left Stateville in December 2010. At that time, Plaintiff's claims against Luchsinger accrued, and Plaintiff had only two years thereafter (that is, until about December 2012) to timely bring his claims. Plaintiff, however, did not file this lawsuit until January 14, 2015—four years and one month after his claims against Luchsinger accrued, and long after the two-year limitations period had expired.[4] As such, his claims against Luchsinger are untimely.

In his response, Plaintiff neither addresses Luchsinger's statute of limitations argument nor offers a basis for the Court to find that his claims against Luchsinger are timely. The Court acknowledges that the limitations period for § 1983 claims brought by Illinois prisoners is tolled while the prisoner completes the administrative grievance process. *Johnson*, 272 F.3d at 522.

---

[4] According to the prisoner mailbox rule, a plaintiff's *pro se* pleadings are deemed filed the date they are handed to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 275–76 (1988). A certificate of service attached to Plaintiff's complaint indicates that this occurred on January 14, 2015, *see* Compl. at 79, ECF No. 6, and not on April 2, 2015, as Luchsinger asserts in his motion, *see* Def.'s Mem. Supp. at 8, ECF No. 93.

But this tolling rule does not save Plaintiff's claims against Luchsinger. At most, the limitations period was tolled only from the one-month period from March 20, 2011, when Plaintiff filed his first grievance, to April 20, 2011, when the Board returned the grievance along with a request for additional information (to which Plaintiff never responded). *See* Def.'s LR 56.1(a)(3) Stmt. ¶¶ 8, 13, 15. Even with this month of tolling, the two-year limitations period would have expired in January 2013—still long before Plaintiff filed this lawsuit in January 2015.[5] As such, the Court concludes that Plaintiff's claims against Luchsinger are barred by the statute of limitations. Luchsinger is therefore entitled to summary judgment in his favor.

## II. Lack of Personal Involvement or Deliberate Indifference

Alternatively, Luchsinger argues that he is entitled to summary judgment because Plaintiff has failed to present evidence from which a reasonable jury could find that Luchsinger was personally involved in, or deliberately indifferent to, the conditions of confinement in question. The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners from conditions of confinement amounting to "a denial of 'basic human needs.'" *Antonelli v. Sheahan*, 81 F.3d 1422, 1427 (7th Cir. 1996) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). To prevail on a § 1983 claim challenging the conditions of his confinement

---

[5] Plaintiff has not argued that the additional grievances he filed in April and May of 2013 could have done anything to render his claims timely after the limitations period had already expired. Nor has he argued that the limitations period could have tolled from April 2011 (when the Board returned his first grievance with a request for additional information) until April 2013 (when he submitted his second grievance). Even if Plaintiff had raised such arguments, however, the Court would reject them. Plaintiff could not have tolled the limitations period merely by filing repetitive grievances based on the same set of underlying facts. *See Wagner v. Hardy*, 609 F. App'x 874, 876 (7th Cir. 2015); *Twitty v. Lockett*, 556 F. App'x 507, 508 (7th Cir. 2014). And any tolling that was based on the filing of his March 2011 grievance could not have extended past April 20, 2011, given that Plaintiff never followed up on the request for additional information that the Board sent him at that time. *See Wagner*, 609 F. App'x at 876 (noting that a prisoner is "required to *properly* exhaust his administrative remedies in order for the grievance process to toll a limitations period"). To hold otherwise would have the perverse result of allowing prisoners to indefinitely extend their limitations periods by failing to comply with grievance procedures. *Cf. Pozo v. McCaughtry*, 286 F.3d 1022, 1023–24 (7th Cir. 2002) (rejecting interpretation of exhaustion requirement that would have had the effect of "allow[ing] a prisoner to 'exhaust' state remedies by spurning them").

under the Eighth Amendment, a prisoner must prove that (1) he suffered an objectively serious deprivation "result[ing] in the denial of the minimal civilized measure of life's necessities," and (2) the defendant was deliberately indifferent to a substantial risk of harm that the prison conditions posed to the prisoner's safety, meaning that the defendant knew of but disregarded such a risk. *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994)) (internal quotation marks omitted). In addition, because § 1983 creates a cause of action based on personal liability and predicated on fault, the prisoner must establish that the defendant personally caused or participated in the alleged constitutional deprivation. *Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012); *Pepper v. Vill. of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005).

Here, no reasonable jury could find from the evidence presented that Luchsinger was personally involved in or deliberately indifferent to the conditions of confinement on which Plaintiff's claims are based. First, it is undisputed that Luchsinger was no longer employed at Stateville after December 15, 2010. Def.'s LR 56.1(a)(3) Stmt. ¶ 7. Likewise, it is undisputed that, as Plaintiff explained during his deposition, Plaintiff's claims are based solely on the conditions of his confinement from March 2011 to the present. *Id.* ¶ 21; *see also* Pl.'s Dep. at 11:6–10. In other words, Luchsinger was not employed at Stateville during the period giving rise to Plaintiff's claims. As such, Plaintiff cannot establish that Luchsinger was personally involved in the alleged deprivations. *See Kuhn*, 678 F.3d at 556; *Pepper*, 430 F.3d at 810; *see also Moore v. Lemke*, No. 15 C 1596, 2016 WL 4530308, at *3 (N.D. Ill. Aug. 30, 2016) (granting summary judgment on prisoner's conditions-of-confinement claim where the evidence failed to create a "triable issue as to whether [defendant] was personally involved in any unconstitutional conditions of confinement [the prisoner] may have endured"); *Smith v. Cooper*,

No. 95 C 6493, 1998 WL 142426, at *2 (N.D. Ill. Mar. 26, 1998) (granting summary judgment on prisoner's conditions-of-confinement claim based on lack of personal involvement where a defendant no longer worked at the prison by the time the conditions at issue began).

Perhaps Plaintiff seeks to hold Luchsinger personally liable on the theory that his acts or omissions laid the groundwork for conditions that did not manifest until after he had already left Stateville. But even under this theory, Plaintiff's claims against Luchsinger nevertheless fail because there is no evidence that Luchsinger ever knew of or disregarded a risk to Plaintiff's safety arising from such acts or omissions. Plaintiff has admitted that he never had any conversations or communications with Luchsinger. Def.'s LR 56.1(a)(3) Stmt. ¶ 22; Pl.'s Dep. at 85:19–86:2. In addition, Plaintiff's grievances could not have put Luchsinger on notice of a risk to Plaintiff's safety, because his first grievance regarding the conditions of his confinement was not filed until March 2011, after Luchsinger had already left Stateville's employ. *See* Def.'s LR 56.1(a)(3) Stmt. ¶ 8. Without evidence that Luchsinger had knowledge of the conditions at issue or the risks they posed to Plaintiff's safety, Plaintiff cannot prevail on his claims against Luchsinger. *See Lewis v. Richards*, 107 F.3d 549, 553 (7th Cir. 1997) (holding that plaintiff could not prove deliberate indifference without showing that defendant had "specific knowledge" of a threat to his well-being); *see also Gayton v. McCoy*, 593 F.3d 610, 621 (7th Cir. 2010) (affirming summary judgment in defendants' favor as to plaintiff's claims for deliberate indifference to medical needs where defendants had no knowledge of plaintiff's needs or even the fact of her incarceration).

In his response brief, Plaintiff refers to various documents in an attempt to raise a triable issue of fact regarding Luchsinger's personal involvement. But none of these documents saves him from summary judgment. First, Plaintiff points to the bulletin posted in Stateville in

December 2003 from which he obtained Luchsinger's name. *See* Pl.'s Resp. at 1. As noted above, the bulletin provided notice that radium in the water at Stateville had exceeded certain limits, and it instructed readers to "feel free to give Jon Luchsinger a call" for further questions. Def.'s LR 56.1(a)(3) Stmt., Ex. B, at 77. Although it refers to Luchsinger by name, the bulletin is insufficient to create a genuine dispute of fact as to whether Luchsinger had personal involvement in or knowledge of the conditions of which Plaintiff complains. Nothing in the bulletin suggests that Luchsinger had any authority or control over the water quality at Stateville during the time of his employment, much less after his employment ended in December 2010. As such, based on the evidentiary record that Plaintiff has presented, a jury would be left to speculate as to the nature and scope of Luchsinger's job responsibilities. The bulletin therefore does not create a triable issue of fact as to whether Luchsinger was personally responsible for the water quality at Stateville or otherwise personally involved in the conditions giving rise to Plaintiff's claims.

Plaintiff also appears to ask the Court to infer Luchsinger's personal knowledge from several other documents referenced in Plaintiff's response brief—namely, grievances filed by other inmates, Environmental Protection Agency reports, and a 2010 prison monitoring report published by the John Howard Association of Illinois. *See* Pl.'s Resp. at 5. These documents, however, have not been attached to Plaintiff's response or otherwise provided to the Court. Accordingly, the Court therefore disregards them, and they cannot give rise to a genuine dispute as to Luchsinger's personal knowledge or involvement. *See Malec*, 191 F.R.D. at 584.

Relatedly, Plaintiff asks the Court to infer Luchsinger's knowledge of the conditions at issue based on the existence of other lawsuits that have been filed against him. Pl.'s Resp. at 3, 5. Even assuming *arguendo* that a defendant's knowledge of certain prison conditions could

sometimes be inferred from the filing of a lawsuit against him, Plaintiff's argument is unpersuasive, because all of the lawsuits he points to were filed in 2011 or later, after Luchsinger had already left his position at Stateville. *See id.* Thus, it cannot be reasonably inferred from the existence of these lawsuits that Luchsinger was personally involved in or aware of the conditions of Plaintiff's confinement.

In sum, the Court finds that Plaintiff's claims against Luchsinger are barred by the two-year statute of limitations. Moreover, Plaintiff has failed to present evidence from which a reasonable jury could conclude that Luchsinger was personally involved in or deliberately indifferent to Plaintiff's conditions of confinement. Luchsinger thus is entitled to summary judgment in his favor.

## Conclusion

For the reasons stated herein, Luchsinger's motion for summary judgment [91] is granted. All claims against Luchsinger are dismissed, and Luchsinger is hereby terminated as a Defendant in this case.

**IT IS SO ORDERED.**  ENTERED   7/5/17

_____
**John Z. Lee**
**United States District Judge**